

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Angel Vinicio PINA, Defendant–**
**Appellant.**

**No. 15–50756**
**Conference Calendar**

United States Court of Appeals,
Fifth Circuit.

Filed: 06/21/2016

Joseph H. Gay, Jr., Assistant U.S. Attorney, San Antonio, TX, for Plaintiff–Appellee.

Angel Vinicio Pina, FCI Fort Dix East, Joint Base MDL, NJ, Defendant–Appellant.

Before JONES, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM: *

The Federal Public Defender appointed to represent Angel Vinicio Pina has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *United States v. Flores,* 632 F.3d 229 (5th Cir. 2011). Pina has not filed a response. We have reviewed counsel's brief and the relevant portions of the record reflected therein. We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

review. Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2.

**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Eddie Herbert ALVISO, also known as**
**Eddie Alviso, Defendant–Appellant**

**No. 15–50796**
**Conference Calendar**

United States Court of Appeals,
Fifth Circuit.

Date Filed: 06/21/2016

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Eddie Herbert Alviso, Adelanto, CA, Pro Se.

Before JONES, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM: *

The attorney appointed to represent Eddie Herbert Alviso has moved for leave to

---

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

withdraw and has filed a brief in accordance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *United States v. Flores,* 632 F.3d 229 (5th Cir. 2011). Alviso has filed a response. We have reviewed counsel's brief and the relevant portions of the record reflected therein, as well as Alviso's response. We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review. Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2.

**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Everado SANCHEZ, also known as Don Lalo, Defendant–Appellant.**

**No. 15–41219**
**Summary Calendar**

United States Court of Appeals, Fifth Circuit.

Date Filed: 06/22/2016

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

Terri Lynn Hagan, Assistant U.S. Attorney, Ernest Gonzalez, Assistant U.S. Attorney, Plano, TX, Traci Lynne Kenner, Assistant U.S. Attorney, Tyler, TX, for Plaintiff–Appellee.

Christian Thomas Souza, Dallas, TX, Everado Sanchez, FCI Oakdale II, Oakdale, LA, for Defendant–Appellant.

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

Everado Sanchez challenges his 210-month sentence for conspiracy to possess with the intent to manufacture or distribute methamphetamine. He argues that the district court committed procedural errors in imposing his sentence and that the 210-month sentence is substantively unreasonable. Relying on the appellate waiver in Sanchez's plea agreement, the Government seeks summary dismissal of the appeal or, alternatively, an extension of time in which to file a brief.

We review the validity of an appeal waiver de novo. *United States v. Baymon,* 312 F.3d 725, 727 (5th Cir. 2002). The waiver provision broadly waived Sanchez's right to appeal his sentence, reserving only the right to appeal a sentence in excess of the statutory maximum or a claim of ineffective assistance of counsel. The record in this case shows that the waiver was knowing and voluntary, as Sanchez knew he had the right to appeal and that he was giving up that right in the plea agreement. *See United States v. Portillo,* 18 F.3d 290, 292 (5th Cir. 1994). Because the plain language of the waiver provision applies to Sanchez's challenges to his sentence, we will

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.